# ORIGINAL

## In the United States Court of Federal Claims

No. 17-973C
(Filed: December 13, 2017)

**FILED**

DEC 1 3 2017

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| CLAUDE PHILLIP VINCENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Motion to Dismiss, RCFC 12(b)(1);
No Jurisdiction Over Tort, Due
Process and Criminal Claims; Transfer
Not Permitted by Law.

Claude Phillip Vincent, Kernersville, NC, pro se.

David A. Levitt, Trial Attorney, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION

CAMPBELL-SMITH, Judge.

The court has before it plaintiff's motion for leave to proceed in forma pauperis, filed September 1, 2017, as well as defendant's motion to dismiss, also filed September 1, 2017, which is brought pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Pl.'s Mot., ECF No. 7; Def.'s Mot., ECF No. 8.[1]  As regards defendant's dispositive motion, plaintiff has filed a response brief, ECF No. 9, and defendant has filed a reply brief, ECF No. 10.  For the reasons stated below, defendant's motion is **GRANTED**, and plaintiff's motion is **GRANTED** for the limited purpose of determining this court's jurisdiction over Mr. Vincent's claims.

---

[1]    All document references and page citations are to the electronic record preserved in the court's Case Management/Electronic Case Files (CM/ECF) system.

7017 1450 0000 1346 0539

I.      Background[2]

Plaintiff's complaint alleges that he was not allowed to participate in a hearing held by the Board of Veterans' Appeals (Board) on April 18, 2016 regarding his disability benefits. See Compl., ECF No. 1 at 4. Flowing from the actions of the Board, the complaint identifies a number of violations of federal criminal and civil rights statutes, deprivation of due process, and torts committed by employees of the Board or other units of the Department of Veterans Affairs. Id. at 1. The prayer for relief contained in the complaint is a succinct recitation of Mr. Vincent's claims:

> WHEREFORE, the demand for judgment of $900,000.00 should be awarded against the United States due to these acts of misconduct of these US Department of VA employees in their official roles and put an end to these criminal violations of law. There has been two different hearings conducted by the VBA in my absence Jan 2016 and April 2016. The 2nd hearing is the reason for the 2nd Tort Claim. The hearing held in April 2016 has the same docket number.

Id. at 3.

II.     Analysis

A.      Plaintiff's Motion to Proceed In Forma Pauperis

The court rejected Mr. Vincent's first request to proceed in forma pauperis, ECF No. 3, because the application lacked essential information. See Order, ECF No. 5. Plaintiff submitted a second application which supplied the missing information. ECF No. 7. The court finds that Mr. Vincent has shown sufficient economic hardship to proceed in forma pauperis for the limited purpose of determining the court's jurisdiction over his suit.

B.      Jurisdictional Analysis[3]

The complaint seeks compensation for actions taken by government officials responsible for the administration of Mr. Vincent's veterans benefits, under a variety of legal theories. The claims presented in the complaint, however, are not within the

---

[2]     The facts recited here are taken from the complaint and the documents attached thereto, as well as from the facts alleged in plaintiff's response brief and that brief's exhibits. See ECF Nos. 1, 9.

[3]     Because plaintiff concedes that there is no jurisdiction in this court for his suit, the court has omitted any discussion of the standard of review for jurisdictional challenges to a pro se complaint.

jurisdiction of this court.  The court briefly addresses the relevant limits on this court's jurisdiction.

This court has no jurisdiction over tort claims.  <u>See</u> 28 U.S.C. § 1491(a)(1) (2012) (limiting this court's jurisdiction to "cases not sounding in tort").  Nor does this court have jurisdiction over violations of criminal law.  <u>Campbell v. United States</u>, 229 Ct. Cl. 706, 707 (1981).  Further, actions for civil rights violations brought under 42 U.S.C. § 1983 (2012) cannot be heard by this court.  <u>E.g.</u>, <u>Marlin v. United States</u>, 63 Fed. Cl. 475, 476 (2005) (citations omitted).  Finally, this court has no jurisdiction over claims asserting the violation of due process rights, such as those guaranteed by the Due Process Clause of the Fifth Amendment to the United States Constitution.  <u>Joshua v. United States</u>, 17 F.3d 378, 379 (Fed. Cir. 1994).  As the government argues in its motion to dismiss, ECF No. 8, plaintiff's claims are not within the jurisdiction of this court.

C.     Transfer

In Mr. Vincent's response brief, he acknowledges that this court does not possess jurisdiction over his claims.  <u>See</u> ECF No. 9 at 2.  Plaintiff asserts that his suit "belongs" in a federal district court, and states that he "would appreciate the opportunity to file this complaint in the US District Court . . . [either through] transfer or refiling."  <u>Id.</u>  Because the court agrees with the parties that there is no jurisdiction over plaintiff's claims in this court, the only remaining question to resolve is whether the court should transfer this suit to a district court.

This court has the power to transfer cases to a federal district court pursuant to 28 U.S.C. § 1631 (2012):

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, <u>transfer such action or appeal to any other such court in which the action or appeal could have been brought</u> at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

<u>Id.</u> (emphasis added). Claims of the type Mr. Vincent has brought here, however, cannot be heard in a federal district court because Congress has specifically assigned such claims to the United States Court of Appeals for Veterans Claims (CAVC). <u>Addington v. United States</u>, 94 Fed. Cl. 779, 783-84 (2010); <u>Davis v. United States</u>, 36 Fed. Cl. 556, 559 (1996). Further, this court cannot transfer a suit to the CAVC. <u>Jackson v. United States</u>, 80 Fed. Cl. 560, 566 (2008). Thus, this court cannot transfer Mr. Vincent's claims to either a federal district court or to the CAVC.

III.    Conclusion

        For the reasons stated in this opinion, plaintiff's claims must be dismissed for lack of subject matter jurisdiction under RCFC 12(b)(1). In addition, transfer of Mr. Vincent's claims is not permitted by law. Accordingly,

> (1)    The court **GRANTS** plaintiff's application for leave to proceed <u>in forma pauperis</u>, ECF No. 7, filed September 1, 2017, for the limited purpose of determining this court's jurisdiction over plaintiff's suit;
>
> (2)    Defendant's motion to dismiss, ECF No. 8, filed September 1, 2017, is **GRANTED**; and
>
> (3)    The Clerk of the Court shall **ENTER** final judgment for defendant, **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice.

IT IS SO ORDERED.

PATRICIA CAMPBELL-SMITH
Judge